```
                                                                    -PSO-
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LEONARD I. LEE,

        Plaintiff,

    -v-
                                  10-CV-221S
                                  **ORDER**

WELLSVILLE POLICE DEPARTMENT ET/AL,

        Defendants.

(Filed MAR 1 2013, Michael J. Roemer, Clerk, U.S. District Court, Western District of NY)

## INTRODUCTION

By Order dated September 14, 2010 ("September 14 Order"), familiarity with which is assumed, this Court (Hon. Richard J. Arcara), dismissed several of plaintiff's claims and granted him leave to file an amended complaint with respect to his false arrest/false imprisonment claims, as directed by the Court. (Docket No. 3). Plaintiff thereafter timely filed an amended complaint (Docket No. 4) which the Court has reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) and in terms of its compliance with the September 14 Order. The amended complaint names the "Wellsville Police Department et/al" as the "defendants." The September 14 Order noted that a municipal police department is not subject to suit "because it is a sub-unit or agency of the municipal government, which fulfills the municipality's policing function." (Docket No. 3 at 8) (quoting Walker v. U.S. Marshals, 2009 U.S. Dist. LEXIS 7933, at *5 (E.D.N.Y. Feb. 4, 2009). Plaintiff was therefore advised that while his claims against the Wellsville

Police Department could not proceed, he could, in his amended complaint, add the appropriate municipality as a defendant, provided that he alleged facts that would show the existence of municipal liability as summarized in the Court's opinion. (Docket No. 3 at 8-9). Notwithstanding the Court's instruction, the amended complaint again names the Wellsville Police Department as a defendant, and the Court will therefore deem plaintiff's claims against the Police Department to be directed against the Village of Wellsville[1]. Accordingly, the Wellsville Police Department will be dismissed as a party to this proceeding and the Village of Wellsville added as a defendant.

While plaintiff does not identify the "et al." defendant(s), his allegations against "Officer John Doe" in the body of the complaint lead the Court to deem Officer John Doe to be a defendant, and plaintiff's claim against him is addressed below.

## THE AMENDED COMPLAINT

### False Arrest, False Imprisonment and Malicious Prosecution Claims

The September 14 Order liberally construed plaintiff's original complaint as asserting claims of false arrest or false imprisonment and malicious prosecution. (Docket No. 3 at 4-6). After reviewing the elements of such claims, the Court determined

---

[1] While the September 14 Order suggested that the Town of Wellsville would be the appropriate defendant to a claim of municipal liability, the Court has since learned that the Wellsville Police Department, at the address stated in the original complaint, is a unit of the Village of Wellsville. *See* http://www.wellsvilleny.com/directory.htm.

2

that it was unable to determine whether plaintiff's allegations were sufficient to allow those claims to proceed, given the plaintiff's failure to unambiguously indicate whether he had been convicted of or pleaded guilty to a criminal offense in connection with his arrest following his altercation with another customer at the Sunoco A-Plus Mini Mart in Wellsville, New York. (Docket No. 3 at 12-15). Plaintiff was therefore directed to set forth, in his amended complaint, "all relevant information necessary to clarify the status of the criminal charge" alluded to in the complaint, including "whether any charge or charges on which he was arraigned or indicted remain outstanding, have been dismissed, or have resulted in a guilty plea, conviction or some other disposition; and, if plaintiff has been convicted, whether he has appealed his conviction and the status of the appeal." (Docket No. 3 at 15).

Plaintiff's amended complaint indicates that his arrest on firearms charges culminated in his acceptance of a "guilty plea on a felony" and a sentence of probation, which he indicates he agreed to in order to "get the entire episode behind him." (Docket No. 4 at 2). Plaintiff gives no indication that he sought to appeal his conviction, and given his statement as to why he agreed to the guilty plea, there is no reason to think that the conviction resulting from the Mini-Mart incident is anything other than final.

Plaintiff's conviction renders untenable his claims of false arrest or false imprisonment and malicious prosecution. As

3

explained in the September 14 Order, a conviction of the crime on which a claim of false arrest is based operates to bar such a claim. (Docket No. 3 at 5, 13 (quoting Vallen v. Connelly, 36 Fed. Appx. 29, 31 (2d Cir. 2002)) ("To be sure, if a person were validly convicted of the crime for which he was arrested, he would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause … and a valid conviction establishes the existence of probable cause."). As for a claim of malicious prosecution, plaintiff's conviction precludes him from establishing one of the four elements of such a claim, the termination of the criminal proceeding in plaintiff's failure. (Docket No. 3 at 14) (citing Rivera v. Shaw, 2010 U.S. Dist. LEXIs 9622, at *4 (W.D.N.Y. Feb. 3, 2010). Accordingly, to the extent that plaintiff's amended complaint can be construed as reasserting claims of false arrest/false imprisonment and malicious prosecution against the Village of Wellsville or Wellsville police officers, including Police Officer John Doe, such claims are dismissed.

Excessive Force Claim

Plaintiff alleges that Wellsville Police Officer John Doe physically abused plaintiff during his arrest, causing black and blue marks, and resulting in "extreme pain", which plaintiff implies is ongoing. Because plaintiff's allegations against Officer John Doe pertain to the use of force during his arrest, the court construes these claims of excessive force against the

4

defendants as brought pursuant to the Fourth Amendment. See Hemphill v. Schott, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.")(citation omitted). The Court concludes that the allegations against Police Officer John Doe are sufficient to allow the Fourth Amendment claim of excessive force against the defendant to proceed.

Plaintiff's allegation of force is not, however, sufficient to establish a claim for municipal liability against the Village of Wellsville. In Monell v. Department of Social Service, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See Monell, 436 U.S. at 694-95. The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489

U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. Accordingly, any claim for excessive force that plaintiff may be asserting against the Village of Wellsville is dismissed.

## IDENTIFYING "JOHN DOE" DEFENDANT

As indicated *supra*, the Court is dismissing plaintiff's claims against the Village of Wellsville (which the Court has substituted, as explained *supra*, for defendant Wellsville Police Department) in their entirety. Ordinarily, the Court would therefore direct that the Village of Wellsville be terminated as a defendant in this action. However, because *sua sponte* dismissal of the Village of Wellsville would make it very difficult or impossible for plaintiff to discover the identity of defendant Police Officer John Doe, and in order to achieve the ends of justice, *see* U.S. v. New York Telephone Co., 434 U.S. 159, 172-73, 98 S. Ct. 364, 372, 54 L. Ed.2d 376 (1977), the Court will direct service of the amended complaint on defendant Village of Wellsville. The Court will direct defendant Village of Wellsville to use its best efforts to ascertain the full name of defendant Police Officer John Doe, and the address where the defendant currently can be served, and to provide the Pro Se Office of the Court with such information by **April 5, 2013.** Because the Court finds that the defendant is likely to be represented by the Wellsville Village Attorney, the

Court will direct the Clerk of the Court to send a copy of the amended complaint and this order to the Village Attorney's Office to facilitate the identification and address of the John Doe defendant. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name of the defendant Police Officer, a summons shall be issued, and the Court will direct service on the defendant and direct the Village of Wellsville be terminated as a party to this action.

## ORDER

IT HEREBY IS ORDERED, that the claims against the Wellsville Police Department are dismissed;

FURTHER, that the Clerk of the Court is directed to terminate the Wellsville Police Department as a defendant in this action;

FURTHER, that the Clerk of the Court is directed to delete "ET/AL" from the caption of this case;

FURTHER, that the claims against the Wellsville Police Department are deemed to be asserted against the Village of Wellsville;

FURTHER, that the Clerk of the Court is directed to add the Village of Wellsville as a defendant in this action;

FURTHER, that the claims against the Village of Wellsville are dismissed;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended

Complaint, and this Order upon the Village of Wellsville without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor;

FURTHER, that defendant Village of Wellsville is directed to use its best efforts identify defendant Police Officer John Doe and the address at which he can be served, and provide such information to the Pro Se Office of the Court by **April 5, 2013,** and

FURTHER, that the Clerk of the Court is directed to forward a copy of the Amended Complaint and this Order to the Wellsville Village Attorney, 156 North Main St., Wellsville, N.Y. 14895-1152.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: February 27, 2013
Rochester, New York