UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEONARD I. LEE,

          Plaintiff,

          v.

CHAD M. GREEN, ET AL.,

          Defendants.

**DECISION AND ORDER**
10-CV-221S

---

## I. INTRODUCTION

In this civil rights action, Plaintiff Leonard I. Lee alleges that Defendants used excessive force against him in violation of his Fourth Amendment rights after an altercation at a service station in the Town of Wellsville, N.Y. Presently before this Court is Defendants' Motion to Dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and under Rule 37(b) for failure to comply with court orders. For the reasons stated below, Defendants' motion is granted on both grounds.

## II. BACKGROUND

Plaintiff filed this action *pro se* on March 16, 2010. (Docket No. 1.) He filed an amended complaint on October 7, 2010. (Docket No. 4.) Defendants filed their answer on June 21, 2013. (Docket No. 8.)

Thereafter, this Court referred this case to the Honorable Leslie G. Foschio, United States Magistrate Judge, for completion of all pretrial matters. (Docket No. 9.) On July 22, 2013, Judge Foschio ordered Plaintiff and counsel for Defendants to appear for a status conference to discuss the issuance of a case-management order. (Docket No. 14.)

Plaintiff failed to appear as directed. (Docket No. 15.) Judge Foschio thereafter issued a case-management order and directed the parties to mediate. (Docket Nos. 16, 17.)

Plaintiff failed to comply with Judge Foschio's directives, which resulted in Defendants filing a Motion to Compel. (Docket Nos. 18, 19.) Defendants sought to compel Plaintiff's responses to their discovery demands and his participation in court-ordered mediation. Plaintiff did not respond to Defendants' motion, which led to Judge Foschio granting it as unopposed on April 9, 2014. (Docket No. 21.) Plaintiff still failed to comply and took no action whatsoever for approximately nine months.

On January 5, 2015, Defendants filed a Motion to Dismiss Plaintiff's amended complaint due to his failure to prosecute and comply with discovery demands and court orders. (Docket No. 22.) On January 13, 2015, this Court directed Plaintiff to respond to Defendants' motion by January 30, 2015. (Docket No. 23.)

Plaintiff thereafter filed a 1-page response wherein he asserted that his past failure to appear and comply with discovery demands and court orders was "due to retaliation by the defendants upon the plaintiff and his legal counsel [which resulted in] severe stress and fear." (Docket No. 25.) Plaintiff further suggested that his life had been threatened and that he and his "legal counsel" were threatened. (Docket No. 25.) Plaintiff requested injunctive relief and a further opportunity to comply with his discovery obligations. (Docket No. 25.)

On February 4, 2015, this Court denied Plaintiff's request for injunctive relief upon its finding that Plaintiff's bare claims of threats and retaliation were conclusory, unspecific, and unsubstantiated. (Docket No. 26.) This Court did, however, grant Plaintiff an additional 60 days to comply with his discovery and mediation obligations. (Id.) Again,

Plaintiff failed to comply.  (Docket No. 28.)

On April 28, 2015, after the deadline for Plaintiff's responses, Plaintiff filed a meritless interlocutory appeal to the Second Circuit, which was summarily denied because no final order had been issued.  (Docket Nos. 29, 34.)  Extending Plaintiff the benefit of the doubt, this Court interpreted Plaintiff's notice of appeal as a request for more time and granted him an additional 45 days to comply with his litigation obligations.  (Docket No. 31.)  Plaintiff again failed to comply.  (Docket No. 32.)

On August 5, 2015, this Court *sua sponte* extended Plaintiff's time to comply by an additional 30 days, giving him one final opportunity to fulfill his litigation obligations.  (Docket No. 33.)  Plaintiff's deadline to comply was September 4, 2015.  On August 18, 2015, Plaintiff filed a one-page letter indicating that he "intend[s] to file additional discovery before the 30 day extension expires" and that "the reason for the delay is because of my extensive pain and suffering."  (Docket No. 35.)  Attached to Plaintiff's letter was a medical record indicating that Plaintiff sought treatment for shoulder pain on May 6, 2015.  (Docket No. 36.)  This document is not responsive to Defendants' discovery demands, but rather, appears to have been filed in support of Plaintiff's claim that he was unable to meet his obligations due to "extensive pain and suffering."  (Docket No. 37 at ¶ 3.)  Plaintiff has filed nothing since this one-page letter, and his deadline for complying with the court's numerous orders has expired.

### III.  DISCUSSION

**A.    Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* plaintiffs, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the

4

plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.

Here, Plaintiff is solely at fault for failing to prosecute: he has been uncommunicative; has failed to comply with court orders; has failed to appear as directed; has failed to participate in mediation; and has failed to conduct discovery.

With respect to duration, Plaintiff's inaction has caused unnecessary delay of more than 18 months.  This is a failure of significant duration.  See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).

Thus, this Court finds that this factor weighs in favor of dismissal — all delay is attributable to Plaintiff and is of significant duration.

## 2. Notice of Dismissal

The Second Circuit requires that a plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, there can be no question that Plaintiff had adequate notice: he received notice that his case could be dismissed for failure to prosecute or failure to comply with court orders on January 13, February 4, May 26, and August 5, 2015. (Docket Nos. 23, 26, 31, 33.) Because Plaintiff was on repeated notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

## 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Foschio and this Court to prepare and file several case-management and scheduling orders, and to schedule and conduct several court proceedings. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

As for Due Process, this Court notes that Plaintiff has been afforded his due process rights in that he has been provided numerous opportunities to comply with the orders of this court. Thus, Plaintiff's own failure to litigate this matter is not a denial of due process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record, it is this Court's

---


opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored directives by failing to appear in court, failing to file responses as directed, and failing to meet mediation and discovery obligations. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## B.   Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'" Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting Fed. R. Civ. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

Although Rule 37 dismissal is a drastic remedy reserved for only extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with Judge Foschio's discovery orders.

## IV. CONCLUSION

Plaintiff has failed to diligently prosecute this action and has failed to comply with orders of this Court.  Instead, he has filed meritless appeals to the Second Circuit and offered unsubstantiated, unpersuasive reasons for his noncompliance.  As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 22) is GRANTED.

FURTHER, that this case is DISMISSED pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

      FURTHER, that the Clerk of Court is directed to CLOSE this case.

      SO ORDERED.

Dated:      September 28, 2015
              Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                             WILLIAM M. SKRETNY
                                        United States District Judge